UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA BEATRIZ FREIRE LOUREIRO,
Plaintiff,

-against-

MARKWAYNE MULLIN, et al.,
Defendant.

Case No. 1:26-cv-07996 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On September 14, 2026, Plaintiff Maria Beatriz Freire Loureiro ("Plaintiff") filed a complaint and sought an emergency temporary restraining order in connection with her September 17, 2026 mandatory adjustment-of-status interview with the U.S. Citizenship and Immigration Services ("USCIS") office. *See* Dkt. 1 ¶ 3. She asks the Court to restrain U.S. Immigration and Customs Enforcement ("ICE") from arresting or detaining her in connection with that interview, *id.* ¶ 5, unless the arrest or detention is effectuated pursuant to constitutionally adequate process, *see, e.g.*, *id.* ¶ 73-74; *see also* Dkt. 2 at 1-2 (requesting "that the Court temporarily restrain Defendants" from arresting Plaintiff "absent an independent and individualized lawful basis for such custodial enforcement").

Nothing on the docket reflects that she has served these papers on Defendants; indeed, Plaintiff concedes she has not served Defendants. *See* Dkt. 8 ¶¶ 6-8. Under Federal Rule 65, a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has filed a sworn declaration, but it does not contain specific facts clearly showing a risk of Plaintiff's immediate

injury if the matter is not heard *ex parte*. Rather, it contains Plaintiff's statement that she is "genuinely afraid" — based on, among other things, "information and press reports provided to [her] by [her] attorney" that ICE has arrested certain other "individuals . . . in connection with scheduled immigration appearances" — that ICE may arrest her without lawful basis to do so. Dkt. 1-3 ¶¶ 10-11. Even accepting, for purposes of this scheduling order, that Plaintiff's fear establishes injury, Plaintiff still has several days before her USCIS interview and can serve Defendants in that time.

Accordingly, **by September 14, 2026**, Plaintiff must serve her complaint and all related filings (including her motion for a temporary restraining order, and the instant order) on Defendants. By **September 15, 2026**, Defendants must file a response to Plaintiff's request for an emergency temporary restraining order. The Court will hold a hearing on that request on **September 16, 2026, at 10:00 a.m.** The hearing will take place virtually, via Microsoft Teams. Log-in credentials will be emailed to Plaintiff's counsel at her email address listed on the docket, and Plaintiff is **ORDERED** to forward those log-in credentials to Defendants as soon as she receives them. The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: 514 776 150#.

Dated: September 14, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge